UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LOUIS ALFORD,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN and RICKY TAYLOR,<br><br>Defendants. | No. 2:19-cv-00732 KJM AC (PS)<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff, who is apparently on parole, brings suit against former Secretary of the California Department of Corrections and Rehabilitation, Scott Kernan, and plaintiff's parole officer, Ricky Taylor. ECF No. 1. The complaint caption cites several sections of federal law,[1] but the 12-page handwritten complaint does not explain how defendants may have violated those provisions. Instead, plaintiff engages in repeated name-calling and rambling, generalized allegations about the victimization of people of color by the "Neo-Nazi Ku Klux Klan" and its "House Negro." Id. at 1-12. At first, plaintiff seems to take issue with being required to wear a GPS ankle monitor and having his cell phone monitored. Id. at 3-4. He proceeds to describe how he started the "Green Jacket" club in the 1960s, which became the Crips and Bloods; how all black women (described as diseased "devils") have turned against him; that he trained himself in car repair and house flipping; recorded albums with Atlantic Starr; and acquired many real estate properties and "founded the [biggest] black construction company worldwide." Id. at 4-9. Plaintiff threatens to arm himself because he believes defendant Taylor is under orders to "kill all of [his] family members or any one who has property rights involving Black People." Id. at 10-11. The complaint ends abruptly with a page-long rant about the inferiority of women and does not request any particular relief. Id. at 11-12. Attached to the complaint are copies of online articles about a car repair television show, and an Atlantic Starr album cover. Id. at 13-17.

B. Analysis

The complaint does not contain facts supporting any cognizable legal claim against any defendant. The undersigned finds that the complaint consists entirely of hateful and delusional

---

[1] Plaintiff cites 42 U.S.C. §§ 1981-1985 (civil rights protections), 2000e (Title VII), and 18 U.S.C § 241 (criminal conspiracy).

3

allegations. The court will not reward plaintiff's generalized misogynist ramblings with an opportunity to amend the complaint. More fundamentally, the complaint provides no basis for federal court jurisdiction, and none is apparent. Despite passing reference to various federal statutes, no federal cause of action is asserted, and none is suggested by the facts, to the extent the facts are discernible. Plaintiff does not allege facts supporting diversity jurisdiction, and presumably both defendants are—like plaintiff—citizens of California. For all of these reasons, it is apparent that amendment would be futile. The undersigned will therefore recommend that the complaint be dismissed with prejudice.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

Furthermore, IT IS HEREBY RECOMMENDED that the complaint (ECF No. 1) be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2), because it fails to state a claim upon which relief can be granted. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 12, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4