| | |
|---|---|
| RICKEY LOUIS ALFORD,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN and RICKY TAYLOR,<br><br>Defendants. | No. 2:19-cv-00732 KJM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

## I. BACKGROUND

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). On April 29, 2019, plaintiff filed a rambling complaint filled with hateful and delusional allegations, which asserted no basis for federal jurisdiction and contained no cognizable legal claim. ECF No. 1. The complaint named former Secretary of the California Department of Corrections and Rehabilitation, Scott Kernan, and plaintiff's parole officer, Ricky Taylor. Id. On June 13, 2019, the undersigned issued findings and recommendations that plaintiff's complaint should be dismissed with prejudice. ECF No. 3. On July 23, 2019, the district court adopted the findings and recommendations in full, dismissing the case. ECF No. 5. Currently before the court is plaintiff's motion for "injunction and restraining order," which was filed on July 16, 2019, before entry of judgment. ECF No. 4.

This motion is just as difficult to follow as the initial complaint. Over the course of 20-plus pages, plaintiff describes his struggles with homelessness and obtaining documentation, his prosecution for various crimes, his work and life history, and his views on law enforcement, again spouting homophobic sentiment about his parole officer. Id. The motion opens and closes with a description of the Department of Motor Vehicles' refusal to give him and various other entities copies of his ID. Id. at 1, 19-22. The motion does not state what relief plaintiff wishes the court to order.

## II. ANALYSIS

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231 requires a party seeking a TRO to file several documents, including a complaint and "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given ...." E.D. Cal. R. 231(c). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1-2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a demonstrated threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Here, plaintiff's motion identifies neither what irreparable, imminent injury he is facing;

2

nor what relief he is seeking against the named defendants in this action. The request contains no allegations supporting a need for immediate relief or indicating a likelihood of irreparable harm. See Winter, 555 U.S. at 20. Moreover, as the as plaintiff's case has already been dismissed without leave to amend, plaintiff cannot show any likelihood of success on the merits. In any case, to the extent that plaintiff seeks to restrain or enjoin entities not named as defendants in this matter, this court would be unable to issue an order against institutions that are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Therefore, the undersigned will recommend that plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

Plaintiff is hereby cautioned that judgment has been entered and this case is now closed. Accordingly, the court will not respond to any future filings in this case.

### III. CONCLUSION

Accordingly, IT IS RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 4) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE